## Miss. Central Railroad Co. *v.* W. W. Whitehead.

1. PLEADING AND PRACTICE: AMENDMENT.—An immaterial amendment of the pleadings will be allowed after a cause has been submitted to the jury and a portion of the testimony offered.
2. PRINCIPAL AND AGENT: EVIDENCE: ADMISSIONS OF AGENT.—The admissions of the agent are competent evidence against the principal in a matter which relates to the business of the agency.
3. TIMBER: STATUTORY PENALTY FOR CUTTING: MEASURE OF DAMAGES. —In an action to recover the statutory penalty for cutting trees upon the land of another, without the consent of the owner, the measure of damages is not the proven value of the trees, but that fixed by the statute.
4. TIMBER: RAILROAD COMPANIES: LIABILITY FOR CUTTING TREES UPON THE LAND OF ANOTHER, WITHOUT CONSENT.—A railroad company cutting trees upon the land of another, without the consent of the owner, are liable to the statutory penalty, unless they apply to a Justice 'of the Peace to summons a jury of freeholders, and proceed in the manner pointed out by the statute.
5. PLEADING AND PRACTICE: DEMURRER TO FORM OF ACTION.—An objection to the form of the action should be raised by demurrer, and, unless so presented, is waived.

ERROR to the Circuit Court of Carroll county. Hon. Wm. Cothran, judge.

The declaration is in the following words:

"The said plaintiff by attorney complains of the said defendant of a plea of trespass. For that the said defendant, a chartered incorporation of the State of Mississippi, did, on the 1st day of November, 1860, and divers other days and times between that day and the commencement of this suit, with force and arms, &c., enter upon the following described lands [here described] lying and being in the county of Carroll, and State aforesaid, and belonging to said plaintiff, and did cut down, prostrate and destroy a large number of trees standing upon said lands, to wit: 42 white oaks, 40 black oaks, 20 gums, 15 hickory, 5 poplar, 1 ash, and 1 chestnut, amounting in all to 124 trees. Wherefore said plaintiff says that he is injured and hath sustained damage, and is entitled, according to the statute in such cases made and provided, to have and

15

demand of and from the said defendant the sum of fourteen hundred and ninety dollars, and therefore he sues and demands judgment for that amount."

To which defendant pleaded.

" And the said defendant, for answer to said complaint, denies all the material allegations therein set forth."

" And for further answer defendants say they are not guilty as charged in said complaint."

At the instance of defendant in error, the following instructions were given :

1. That the value of the trees is fixed by law, and when the jury determine the number and character of the trees, and if they believe from the evidence that they were cut by the agents of the road without the consent of the owner, they must in their finding estimate the value by what the law has prescribed, without any reference to any proof of value.

The 2d instruction recites the value of the trees as fixed by the statute, and concludes as follows : " That plaintiff is entitled to recover the legal value of the trees, and not their proven value."

The 3d instruction is the same in effect as the first.

All the foregoing instructions were objected to by defendants. Objection overruled and an exception taken.

The following instruction was asked by plaintiffs in error, refused, and an exception taken :

" That in the form of action pursued by plaintiff, he is not entitled to recover the statutory penalty for cutting or destroying the trees described in the declaration."

*Fisher*, for plaintiffs in error, contended :

1. That the action was in form trespass, and not under the statute for the value fixed by law for the trees. That the object of the amendment was to give the action a statutory form may have operated as a surprise upon the defendant, and should not have been allowed.

2. That the statements of Vaiden were improperly admitted as testimony. Vaiden was a director of the road, could not

Miss. Central R. R. Co. v Whitehead.

bind the company to any thing, and could only act in the capacity of director. He was a competent witness; could have been brought before the court to prove what he knew and what he said.

3. The proof is too vague and uncertain to sustain the verdict. There is no testimony as to the number and kind of trees cut.

*George*, for defendant in error, contended:

1. That the form of the action is to be determined rather from the nature of the grievance complained of than the words of the declaratio 1, and will be considered in this case as in debt. *Heim* v. *McCaughn*, 32 Miss. 17; *N. O. J. & G. N. R. R. Co.* v. *Albutton*, 38 ib.; *Elder* v. *Hilzheim*, 35 ib. 242.

2. That no objection being raised by demurrer to the form of the action, it is a waiver of the objection. Rev. Code, 491, art. 78.

3. That under the Rev. Code, the statutory price may be recovered in an action of trespass.

The decision in *Elder* v. *Hilzheim*, 35 Miss. R., was made under the statute in Hutch.'s Code, which provides, " that if any person shall cut, &c., he shall *forfeit and pay* to the owner ten dollars, &c., to be recovered before, &c."

The present statute uses the language, " if any person shall cut, &c., he shall *pay*, &c., and the party injured may recover *for such trespass* before, &c."

The old statute speaks of a forfeiture, and it is well settled that debt is the form of action to recover a statutory penalty or forfeiture.

4. That this court will not reverse for improper admission of evidence, where the bill of exception is taken to the overruling of a motion for a new trial, unless all the evidence in the cause be set out in the record. 4. How. Miss. 376; 5 S. & M. 291; 6 ib. 254; *Phipps* v. *Morton*, 35 Miss. R. 211.

5. That the admissions of Vaiden were properly admitted. He was shown not only to be a director, but was managing and directing the affairs of the road. 37 Miss. R. 554; *Exum* v. *Brister*, 35 ib. 391.

HARRIS, J., delivered the opinion of the court.

The defendant in error commenced his action in the Circuit Court of Carroll county to recover of plaint ffs in error the statutory penalty for cutting and destroying a number of trees belonging to defendant in error.

The plaintiffs in error relied for their defence on a general denial of all the material allegations set forth in the declaration, and also upon the plea of not guilty, as charged, &c.

There was a jury and verdict for the defendant in error; a motion for a new trial, which was overruled, and a bill of exceptions, and the cause is brought to this court by writ of error.

On the trial, after the cause was submitted to the jury, and a portion of the testimony had been offered to the jury, defendant in error asked leave to amend his declaration, by striking out the words, "and other wrongs to the said plaintiff then and there did, to the damage of said plaintiff of two thousand dollars." To which amendment plaintiffs in error objected, and the objection was overruled, and the said words stricken out, to which plaintiffs in error excepted.

The amendment was in no respect material, and could not have prejudiced the defendants below; its allowance did not change or affect the form of action which appears in the record, if this amendment was the only change made; and no other appears by this record.

The next error complained of, in the order they are presented, is the refusal of the court to rule out the testimony of the defendant in error, as to the admissions of Vaiden, made to witness.

This objection was based upon the ground that Vaiden was only a director in said railroad company, and not an agent. But the testimony of the witness Whitehead distinctly shows that Vaiden was an agent of this company, managing and directing the affairs of the road, and another witness shows that, in relation to the matter here in controversy, Vaiden had sent to have the number of trees that had been cut, counted.

This objection was therefore properly overruled.

The remaining assignments of error mainly depend upon the form of the action.

Regarding the action as founded on the statute, to recover the penalty prescribed for cutting trees of a certain description, on land not belonging to the plaintiff in error, and without the consent of the owner, the instructions given for the defendant in error were properly given, and those asked by the plaintiff in error were properly refused.

The declaration in form was perhaps objectionable. But the plaintiffs in error should have raised their objections to the form of the action by demurrer.

The bill of exceptions does not purport to contain all the evidence in the cause. And it is impossible, therefore, for this court to determine the propriety of the action of the jury, or of the court in refusing a motion for a new trial.

Let the judgment be affirmed.

The Chief-Justice, being a stockholder in the Miss. C. R. R. Co., gave no opinion in the case.